# In the United States District Court for the Southern District of Georgia
# Brunswick Division

BABYLOVE CADET,

    Plaintiff,

v.

DEPUTY HARDMAN EDWARD and
CAMDEN COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

CV 2:24-025

**ORDER**

Before the Court is a motion to dismiss, dkt. no. 6, filed by Defendant Camden County Sheriff's Department. Plaintiff Babylove Cadet has filed no response in opposition, and the time for doing so has passed. The motion is therefore ripe for review.

**BACKGROUND**[1]

Plaintiff initiated this civil rights action on February 21, 2024. Dkt. No. 1. In the complaint, Plaintiff alleges that on February 23, 2022, Defendant Deputy Edward Hardman started chasing Plaintiff's husband "while he was on a motorcycle with no evidence that he committed any crime." Id. at 4. She further alleges that Defendant Hardman "followed [Plaintiff's husband] with no siren on

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

and hit his bike in the back, caus[ing] him to lose control and crash." Id. Plaintiff's husband died at the scene of the crash. Id. Defendant Camden County Sheriff's Department moves to dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted.

**LEGAL AUTHORITY**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court

does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Defendant Camden County Sheriff's Department ("Sheriff's Department") contends Plaintiff's claims against it must be dismissed because the Sheriff's Department is not a legal entity subject to suit. Dkt. No. 6 at 3.[2] Plaintiff has failed to respond to the Sheriff's Department's argument.

For all parties who are not individuals or corporations, the "[c]apacity to sue or be sued" in federal court is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b); see also Fed. R. Civ. P. 17(b)(3) (noting two exceptions to

---

[2] Defendant Sheriff's Department also argues that dismissal is appropriate because, even though a summons was issued to each Defendant, see dkt. no. 3, the summons is directed to *both* Defendants. Dkt. No. 6 at 3. This argument fails. See Kramer v. Scientific Control Corp., 365 F. Supp. 780, 788 (E.D. Penn. 1973) (noting that a single summons can be directed to all defendants); see also Fed. R. Civ. P. 4(b) ("A summons—or a copy of a summons *that is addressed to multiple defendants*—must be issued for each defendant to be served." (emphasis added)).

3

this rule which do not apply here). Georgia "'recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (quoting Cravey v. Se. Underwriters Ass'n, 105 S.E.2d 497, 500 (Ga. 1958)). Indeed, the Eleventh Circuit has held "[s]heriff's departments and police departments are not usually considered legal entities subject to suit[.]" Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)) (affirming district court's decision that plaintiff failed to state a claim against the sheriff's department).

Plaintiff's failure to respond to Defendant's argument indicates her lack of opposition thereto. See S.D. Ga. LR 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Accordingly, Defendant Sheriff's Department's motion to dismiss, dkt. no. 6, is **GRANTED.** The Clerk is **DIRECTED** to terminate the Sheriff's Department as a defendant in this case.

**SO ORDERED**, this 25 day of April, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4